Walker and wife *vs.* Jackson.

---

E. A. WALKER AND WIFE, plaintiffs in error, *vs.* LITTLE-BERRY JACKSON, defendant in error.

Where the verdict of a jury in an equity case was directly contrary to the testimony of three witnesses, sworn on the trial, and directly contrary to the answer of the defendant in a matter responsive to the bill, but was strongly supported by the admissions the defendant made in writing, before suit was brought, and by his admissions under oath in giving in his taxes, for seven or eight years, and the Judge below granted a new trial:

*Held,* That whilst this Court is not exactly satisfied with the judgment of the Court below, yet, as the case is one of *granting* a new trial, so that the parties may have another hearing, we do not thing the discretion vested by law in the Judge of the Superior Court has been abused, and we will not therefore disturb his judgment.

New Trial. Before Judge ROBINSON. Green Superior Court. September Term, 1871.

Walker and wife brought a bill against Jackson for an account of certain money alleged to have been delivered to him, as her trustee, by his father and her grand-father. He denied being her trustee, except under the terms stated herein. That is, he said that his father from time to time divided part of his property between his children and grand-

children, but not liking Mrs. Walker's father, gave the part for her and her brother to him, Jackson, to be paid to them at their respective majorities, without interest, reserving to himself the full power to direct and control said fund, took Jackson's note for the advances, and subsequently revoked the power to pay to Mrs. Walker the part intended for her; that his father, still living, never parted with his dominion over said fund, but Jackson controlled it as his father's agent.

On the trial, complainant read two letters from Jackson to Mrs. Walker and her brother, in which he called himself their trustee, and stated how much money he held, as such, for each, and that it was given to him by his father. They put in evidence defendant's return for taxes from 1853 to 1864, inclusive, in each of which years he gave in for taxes a sum of money as due to each of them by him as trustee. They showed that he paid the brother his full amount during the war, and that he frequently spoke of himself as their trustee.

The defendant, and several witnesses who were present at said respective divisions of property, testified, that the old man, in each case, took the note of the party to whom he paid money for his grand-children, and expressly reserved the right of dominion over the amounts of cash or the property given. Defendant testified, that he did not pay the brother till his, defendant's, father gave his consent for him to do so, and put in evidence a paper dated 9th of April, 1867, reciting that he did make defendant trustee for said children, to control according to his directions, and that the war had rendered the money worthless, and ending thus: "I do release him from being trustee anylonger," and "order him not to pay any amount of money of our currency" to Mrs. Walker. This paper is signed by the father's mark; he was then eighty-nine years old. The Court charged the jury, and they found against Jackson, as trustee, for the amount shewn to have been received by him for Mrs. Walker, with interest.

Thrasher and wife *vs.* Jackson.

Jackson moved for a new trial on the following grounds: 1st. Because the Court failed to tell the jury that if Jackson was liable, as trustee, he was entitled to commissions, as trustee.    2d. In failing to instruct them as to the effect of the evidence as to interest.    3d. Because the verdict was contrary to the charge of the Court, that if the old man at the time of depositing the fund in controversy with defendant, or afterwards, did not part with his control and dominion over it, defendant is not liable to complainants.    4th. Because the verdict is contrary to law and the evidence, and last because of the general charge being adverse to defendant.

The Court granted a new trial, without stating upon what ground.    This grant of a new trial is assigned as error.

I. L. Harris.    James S. Brown.    Reese & Reese, for plaintiffs in error.

M. W. Lewis, for defendant.

McCay, J.

Without doubt the defendant in this suit presented a strong array of testimony in favor of his account of the true character of this deposit.    His two brothers and the overseer of the father, as well as the incidental evidence of the father's revocation of the trust, and his own answer *in direct response to the charges* of the bill, taken together, make a more than ordinarily strong case.    We do not, however, agree with the position taken by the counsel for the plaintiff in error, that an answer in equity in response to a bill, is to be held uncontrovertible, unless contradicted by two witnesses or one witness and circumstances.    That is the rule when the answer is to be weighed and compared with other *witnesses.* But an answer may contradict itself; may be unreasonable or state impossible facts, and when this is the case, its credibility is liable to be attacked, as the statements of other witnesses.    We might have one witness opposed to two witnesses,

or even more, and yet we might believe the one against several, and have good, substantial, legal reasons for it: Gresley, Eg. Ev.

As against this array of the defendant's testimony, there were his own letters, his admissions in giving in his tax, and his settlement with the complainant's brother, together with the reasonableness and propriety of the view that this was a trust, and the very unusual conduct of the grand-father, on the supposition that this was originally such a deposit as it set up. Still, it was *possible*, and all the admissions and acts of the defendant are explainable on this hypothesis, since even in the event supposed he would be a conditional trustee, and might well so consider himself, especially if he felt certain that his father would not revoke his bounty to these grand-children.

We think this is just one of the cases where the *discretion* of the Court is a material element. Had he refused a new trial we should not interfere with his judgment. As he has *granted* it, we will interfere with even more reluctance, since the only effect of the ruling is to give the parties another hearing. Another jury may, perhaps, look more to the actual testimony, and less to the equity and reasonableness of the claim set up by this lady on the bounty of her grand-father. We incline to think that the jury have been unable to divest themselves of the feeling that whatever the evidence may show, the right of the matter is with the complainant, and that it is due to the powerful array of evidence presented by the defendant, that the case be submitted to another jury. We do not think, therefore, that this is a case of an illegal use of the discretion vested by law in the Circuit Judge, and we shall not interfere with his decision.

Judgment affirmed.